# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN BALL, | : | CIVIL NO. 1:12-CV-537 |
| | : | |
| Plaintiff, | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| | : | |
| LT. SIPE, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION AND ORDER

### I.   Statement of Facts and of the Case

In this action, the plaintiff, Dawn Ball, a state inmate, housed at the State Correctional Institution, Muncy, has sued a correctional lieutenant, alleging that in July and August 2010, the defendant ordered her placed in a strip cell "with malicious intent to punish me for non-suicidal reasons." (Doc. 1.)

This case now comes before the Court for resolution of a discovery dispute. Specifically, Ball has filed a motion to compel production of discovery. (Doc. 47.) Ball's motion makes claims that seem to shift and change over time. Initially, Ball alleged that she had been completely denied access to discovery materials. (Doc. 47.) When the defendant replied by providing copies of the discovery responses which had

been provided to Ball, (Docs. 51 and 52.), Ball's claims transmogrified from an assertion that she had been wholly denied discovery to an insistence that the defendant's objections to the release of certain policy manuals was improper, coupled with a request for an extension of time in which to complete discovery and a demand that the Department of Corrections provide Ball with copies of documents free of charge.[1]

This motion to compel has been fully briefed by the parties and is now ripe for resolution. For the reasons set forth below, the motion will be denied, in part, and granted, in part, as follows:

**II. <u>Discussion</u>**

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery, and provides that:

(a) Motion for an Order Compelling Disclosure or Discovery

(1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. . . .

---

[1] With the type of lack of attention to detail which has sadly marked much of Ball's approach to litigation, this reply was filed in another, closed case, <u>Ball v. Sipe</u>, 1:11-CV-1830 (Doc. 87.), rather than in this case, Ball's current active, open pending lawsuit against Lieutenant Sipe. We commend defense counsel for alerting us to the existence of this curious, and curiously concealed, pleading.

Fed. R. Civ. P. 37(a).

The scope of what type of discovery may be compelled under Rule 37 is defined, in turn, by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

Fed. R. Civ. P., Rule 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus,

a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "nonprivileged matter that is relevant to any party's claim or

defense." Therefore, valid claims of relevance and privilege still cabin and restrict the Court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information" a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D.Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D.Kan. 2009).

Moreover, in a prison setting, inmate requests for far-reaching information can raise security concerns, and implicate a legitimate governmental privilege, a governmental privilege which acknowledges a governmental needs to confidentiality of certain data but recognizes that courts must balance the confidentiality of

governmental files against the rights of a civil rights litigant by considering:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intra-departmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiffs case.

Frankenhauser v. Rizzo, 59 F.R.D. 339, 344 (E.D. Pa. 1973).

With these legal guideposts in mind, we turn to consideration of Ball's various discovery requests.

### B.     Resolution of Ball's Discovery Motion

#### 1.     Ball's Requests for Prison Policies is Overbroad and Will Be Denied.

At the outset, to the extent that Ball seeks access various prison policies, we note that her claim is not narrowly tailored and seems unmoored to any specific assertion of the relevance of this information to the issues in this litigation. Instead,

Ball seems to simply have a general interest in all prison policies, and views herself as having a broad right to know all such prison security policies.

We disagree. Quite the contrary, recognizing the legitimate penal interest in maintaining security courts have frequently rebuffed efforts by inmates to gain broad access to prison security policies in the absence of some specific, narrowly tailored showing of relevance. See e.g., Spencer v. Collins, 3:12-CV-00616, 2013 WL 5176747 (M.D. Pa. Sept. 12, 2013); Huertas v. Beard, 1:10-CV-10-SJM-SPB, 2012 WL 3096430 (W.D. Pa. July 30, 2012); Dockery v. Legget, CIV.A. 09-732, 2012 WL 45404 (W.D. Pa. Jan. 9, 2012); Victor v. Lawler, 3:08-CV-1374, 2011 WL 1884616 (M.D. Pa. May 18, 2011) on reconsideration, 3:08-CV-1374, 2011 WL 4753527 (M.D. Pa. Oct. 7, 2011). Since Ball's motion makes no such showing, her request to compel production of these manuals will be denied.

### 2. We Will Not Order The Defendants to Bear the Costs of Discovery

Further, to the extent that Ball seeks to have us order the defendants to make copies of various records at their expense, for Ball's use, we note that nothing in 28 U.S.C. § 1915 authorizes federal courts to finance or pay for a party's discovery expenses incurred while prosecuting a lawsuit, even if that party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). Review of the case

law reveals that numerous courts within and without the Third Circuit have recognized the limitations of federal courts to relieve indigent litigants from the costs of pre-trial discovery. See, e.g., Brooks v. Quinn, 257 F.R.D. 515, 417 (D. Del. 2009) ("Although plaintiff is proceeding in forma pauperis, the court has no authority to finance or pay for a party's discovery expenses. . . . It is plaintiff's responsibility to pay for the costs associated with the taking of a deposition."); Augustin v. New Century TRS Holding, Inc., No. 08-326, 2008 U.S. Dist. LEXIS 96236, at *7-9 (W.D. Pa. Nov. 25, 2008) (denying plaintiff's IFP application to cover costs for discovery requests); Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (28 U.S.C. § 1915 does not require the government to advance funds for deposition expenses); Toliver v. Community Action Comm'n to Help the Econ., 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985) (no clear statutory authority for the repayment of discovery costs for IFP plaintiff); Sturdevant v. Deer, 69 F.R.D. 17, 19 (E.D. Wis. 1975) (concluding that 28 U.S.C. § 1915 "does not extend to the cost of taking and transcribing a deposition."); Ebenhart v. Power, 309 F. Supp. 660, 661 (S.D.N.Y. 1969) ("Grave doubts exist as to whether [28 U.S.C. § 1915] authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery."); see also Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of

deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."). Thus, as a general rule, the Court lacks the lawful authority to help finance, or relieve plaintiff from, the costs associated with taking pre-trial discovery. Therefore, as we have done in the past, we will deny this particular request by Ball to have her defendants finance the costs of her discovery. See e.g., Ball v. Struthers, 1:11-CV-1265, 2011 WL 4891026 (M.D. Pa. Oct. 13, 2011); Ball v. Famiglio, CIV. 1:08-700, 2011 WL 4753526 (M.D. Pa. Oct. 7, 2011) report and recommendation adopted, 1:08-CV-700, 2011 WL 6130610 (M.D. Pa. Dec. 8, 2011).

### 3. Ball's Request for Extension of Time Will be Granted

Finally, Ball seeks a 90 day extension of time in which to complete discovery. This request is unopposed by the defendant, (Doc. 53.), and will be granted.

### III. Conclusion

Accordingly, this 18th day of June, 2014, it is ORDERED that the plaintiff's motion to compel, (Doc. 44.), is DENIED, in part, and, GRANTED in part, as follows:

First, Ball's request for an extension of time is GRANTED and the following pre-trial schedule will apply in this case:

| | |
|---|---|
| Close of Discovery: | **September 29, 2014** |
| Dispositive Motions and Supporting Briefs Due: | **September 29, 2014** |
| Consent to Proceed Before U.S. Magistrate | **September 29, 2014** |

In all other respects the Motion to Compel is DENIED.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
